## WM. SCHLUDERBERG–T. J. KURDLE CO. v. RECONSTRUCTION FINANCE CORPORATION.

### No. 447.

United States Emergency Court of Appeals.
Heard at Washington, March 29, 1948.
Decided Aug. 19, 1948.

---

Arthur L. Winn, Jr., of Washington, D. C. (Wilbur La Roe, Jr., Frederick E. Brown and Samuel H. Moerman, all of Washington, D. C., on the brief), for complainant.

George A. Fruit, of Washington, D. C. (Joseph M. Friedman, Sp. Asst. to the Atty. Gen., and Samuel K. Abrams, Atty., Dept. of Justice, and John C. Erickson, Counsel, and Jack W. Loeb, Atty., of Reconstruction Finance Corporation, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LINDLEY, Judges.

MARIS, Chief Judge.

The complainant is a slaughterer of livestock and wholesale dealer in meat and meat products. It was entitled to receive and did receive the livestock slaughter subsidy provided for by Regulation 3 of Defense Supplies Corporation. 8 F. R. 10826. From the subsidy payment due it for June 1946 the respondent deducted $15,009.80 plus interest of $1,114.86. The deduction was based upon charges for meat in that amount alleged to have been made by the complainant in excess of the maximum prices permitted by the pertinent price regulations during the year beginning July 1, 1943. The respondent concedes that the record reflects no element of wilfulness in connection with the overcharges and that no determination· of wilful violation or certification with respect to the overcharges was ever made by the Price Administrator. The complainant protested the deduction, its protest was denied by the respondent and the present complaint followed.

The complainant's protest was based on two grounds. The first was that in the absence of a determination by the Price Administrator that the complainant had wilfully violated the price regulations, as provided in Sec. 7003.10(a) of Regulation No. 3, the respondent was without authority to make the deduction. The second was that the persons who actually made the sales in question were independent peddler truck merchants and not employees or agents of the complainant.

In Earl C. Gibbs, Inc., v. Reconstruction Finance Corporation, Em.App., 169 F.2d 654, the identical proposition which the complainant here relies upon as its first ground of protest was. presented for our consideration and for the reasons set out in our opinion in that case has been decided adversely to the respondent. Upon the authority of that decision this case must be decided in favor of the complainant upon its first ground of protest. Accordingly we need not consider the second ground upon which it relies.

A judgment will be entered setting aside the order of the Reconstruction Finance Corporation of October 30, 1947 denying the complainant's protest and remanding the case to that corporation for further proceedings not inconsistent with this opinion.